IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SHENNON E. MARTINEZ, PRO SE, TDCJ-CID No. 1033296, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:05-CV-0185 |
| CANDIDA RAY, LINDA SHORT, BOBBY LEAL, LESLIE SHACKLEFORD, PAULETTE EADES, DANNY R. HEAD, KEVIN L. ANDIS, JAMES BEACH, GLEN D. STOUDER, and CHARLES BELL, | § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff SHENNON E. MARTINEZ, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff filed his original complaint on June 24, 2005. He was subsequently allowed to amend that complaint and then was ordered to file an amended complaint on January 26, 2006. In response, plaintiff requested a six-month extension to enable him to finish a paralegal course before complying with the Court's Order. The motion for extension was denied and plaintiff's claims against defendants at the Clements Unit and against the Texas Department of Criminal Justice were severed from the instant suit. The remaining claims consist of those which accrued at the Jordan Unit.

Plaintiff's January 26, 2006 amended complaint supersedes his previous complaint and renders it of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). Consequently, it is the January 26, 2006 amended complaint which forms the basis for this Court's review of plaintiff's claims.

Plaintiff complains that the Jordan Unit defendants conspired to obstruct justice in order to justify the confiscation of $50.00 sent by Louise K. Persson[1]. Plaintiff alleges that, on June 4, 2003, at the Jordan Unit, mailroom supervisor defendant SHORT and mailroom employee defendants LEAL, SHACKLEFORD, EADES, and RAY, upon suspecting a violation of the correspondence rules, notified defendant HEAD who convinced them not to follow normal prison procedures for contraband mail. Plaintiff claims defendant BELL was later contacted by a Louise K. Persson who stated she had sent money to a friend. Plaintiff says BELL advised Persson to write a letter containing that statement, saying he would submit it to the hearing committee; but BELL failed to do so.

Plaintiff complains defendant ANDIS failed to property investigate the matter, defendant BEACH, the disciplinary hearings officer, was not impartial, and defendant STOUDER, the grievance investigator, failed to adequately investigate or resolve his grievance.

Plaintiff requests injunctive relief and an award of punitive damages and a return of the property confiscated in the Jordan Unit incident.

---

[1] Plaintiff does not provide many specifics, but it appears the money was sent to plaintiff or another inmate.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[A]n inmate seeking only money

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Plaintiff has not complied with instructions to submit copies of the relevant step 2 grievances showing the response by prison officials. Instead, by his January 26, 2006 Amended Complaint, at page 2, section III, plaintiff informs the Court that, concerning his Jordan Unit claims, he submitted a step 1 grievance challenging the disciplinary hearing result arguing due process violations and vagueness of the TDCJ policy. Plaintiff says his step 1 grievance was returned as having been submitted beyond the deadline. Of course, "an untimely grievance in and of itself . . . [does not] render the grievance system unavailable, thus excusing the exhaustion requirement. Such a holding would allow inmates to file suit in federal court despite intentionally evading the PLRA's exhaustion requirement by failing to comply with the prison grievance system." *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003).

Plaintiff says he then became depressed but eventually refiled his grievance. Plaintiff gives no indication what the resolution of this second grievance was, but states he did not exhaust administrative remedies through the grievance procedure.

By choosing to file and pursue suit before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

4

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff SHENNON E. MARTINEZ be DISMISSED AS FRIVOLOUS AND WITH PREJUDICE FOR PURPOSES OF PROCEEDING IN AN IN FORMA PAUPERIS PROCEEDING PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 1915(b). *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998); 42 U.S.C. § 1997e(a).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Any pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff and to any attorney of record by first class mail.  The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 15th day of March, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE